UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD McQUEEN,

        Plaintiff,

        -v-                                       13-CV-302-JTC

HUDDLESTON AND HUDDLESTON,

        Defendant.

---

## **INTRODUCTION**

Plaintiff, Donald McQueen, filed this action on March 25, 2013, against Huddleston and Huddleston ("H & H"), "an attorney's office organized and existing under the laws of the State of Kentucky" (Item 1, ¶ 5), alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. On April 29, 2013, attorney Lee Huddleston filed a document entitled "*Pro Se* Limited Entry of Appearance and Motion to Dismiss," seeking dismissal of the complaint on various grounds including improper venue, lack of personal jurisdiction, insufficient process, insufficient service, and failure to join a necessary party. Item 6. Plaintiff has filed an opposition to the motion to dismiss (Item 9), along with a motion for leave to amend the complaint in order to name the proper defendant (Item 10).

For the reasons that follow, plaintiff's motion to amend is granted, and defendant's motion to dismiss is denied.

## BACKGROUND

As alleged in the complaint, plaintiff is a resident of Orleans County, which is located within the Western District of New York. He claims that, following his default on a debt to CitiFinancial, an entity named "CSGA, LLC" acquired the debt and obtained a judgment, which plaintiff claims was satisfied in March 2006 by "arrangements with CSGA …." Item 1, ¶¶ 12, 13. He further alleges that, in early 2012, H & H "began contacting the Plaintiff to collect on the previously satisfied subject debt …" (*id.* at ¶ 14), prompting plaintiff to file a consumer complaint with the New York State Attorney General's Office in February 2012. H & H filed a response to the consumer complaint, dated March 22, 2012, stating that it had closed the collection account upon learning that the debt had been paid. *Id.* at ¶¶ 15-16. Plaintiff alleges that, contrary to this statement, H & H continued to contact him demanding payment, including a March 27, 2012, voicemail indicating that there was a lawsuit still pending against plaintiff. *Id.* at ¶¶ 17-23. Plaintiff seeks damages and attorney's fees for violations of several provisions of the FDCPA, including § 1692e (prohibiting use of false, deceptive, or misleading representation or means in connection with collection of a debt); § 1692f (prohibiting use of unfair or unconscionable means to collect or attempt to collect a debt); and § 1692d (prohibiting harassment, oppression, or abuse in connection with collection of a debt). *See id.* at ¶ 25.

In lieu of answering the complaint, Mr. Huddleston filed his *pro se* appearance "for the limited purposes of moving the Court to dismiss the complaint." Item 6, p. 1. He asserts that he is an attorney practicing in Bowling Green, Kentucky, under the name of Huddleston & Huddleston, Attorneys at Law PLLC, and that he is not aware of any entity

named "Huddleston and Huddleston." He further asserts that neither he nor his law firm has ever transacted any business or maintained any "minimal contacts" in New York, and that all of the events set forth in the complaint took place in Kentucky. Mr. Huddleston seeks dismissal of the complaint for improper venue, or in the alternative, transfer of venue to the United States District Court for the Western District of Kentucky, Bowling Green Division. *Id.* at 2-3. He also contends that, although he received a summons addressed to "Huddleston and Huddleston," he did not receive a summons addressed to "Lee Huddleston" or "Huddleston & Huddleston, Attorneys at Law PLLC," and that the case should therefore be dismissed for lack of personal jurisdiction, insufficient process, and insufficient service of process. *Id.* at 3.

Finally, Mr. Huddleston asserts that plaintiff had two debts with CitiFinancial–one being handled by his law office in Kentucky, and the other being handled by Bronson & Migliaccio LLP (the "Bronson firm") in Buffalo, New York–and that plaintiff has confused the collection efforts of the Huddleston firm with those of the Bronson firm. Mr. Huddleston states that his firm closed its file out of an abundance of caution when plaintiff produced documentation showing that one of the debts had been paid, and that it was someone from the Bronson firm who left the March 27, 2012 message on plaintiff's voicemail, looking for payment on the other CitiFinancial debt. Mr. Huddleston therefore seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 19(a)(1) for failure to join the Bronson firm as a party whose presence is required in order to accord complete relief. *Id.* at 4.

In response to the motion, plaintiff contends that venue of this action is properly laid because a substantial part of the events giving rise to the FDCPA claim–*i.e.*, receipt of a letter and a telephone call from H & H seeking collection of a debt–occurred in the Western

District of New York. Plaintiff also contends that the Bronson firm is not a necessary party to this action because, taking the facts pleaded as true and construing them in the light most favorable to plaintiff, the complaint states a claim for relief under the FDCPA based on the debt collection efforts of H&H, not the conduct of Bronson or some other law firm. Plaintiff also seeks leave to amend the complaint to name Lee Huddleston, d/b/a Huddleston and Huddleston Attorneys at Law PLLC, as the proper defendant, which plaintiff asserts will cure any defects regarding service of process or personal jurisdiction.

For the following reasons, plaintiff's motion to amend is granted, and Mr. Huddleston's motion to dismiss is denied.

## DISCUSSION

**I.   Motion to Amend**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that a party may amend its pleading by leave of the court and that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). In recognition of this liberal standard, courts freely permit amendments to cure such pleading deficiencies as the improper naming of defendants previously served. *See, e.g.*, *Datskow v. Teledyne, Inc., Cont'l Prods. Div.*, 899 F.2d 1298, 1301 (2d Cir. 1990) (reversing denial of motion to amend to re-designate proper defendant; misnomer may be corrected when "plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant"); *Vadenais v. Christina*, 325 F.2d 157, 158 (2d Cir. 1963) (*per curiam*) (leave to amend should be granted to correct misnaming of defendant); *Circuito Cerrado Inc. v. La Camisa Negra Restaurant & Bar Corp.*, 2011 WL 1131113, at *2 (E.D.N.Y. Mar. 7,

2011) ("Where there is notice and no discernible prejudice, amendment has been allowed to correct the name of a sued party while a suit is pending or even after judgment.") (citing cases).

In this case, the materials submitted in connection with the pending motions indicate to the court that plaintiff does not seek leave to amend the complaint in order to add a new defendant who had no prior notice of the lawsuit, but rather as an attempt to properly name the debt collector against whom this FDCPA action is being brought and upon whom process has been served. For example, in support of his *pro se* motion to dismiss, Mr. Huddleston has attached copies of plaintiff's consumer complaint which was filed with the State Attorney General in February 2012 against the Bronson firm, and the "Response Form" which Mr. Huddleston signed identifying "Huddleston & Huddleston" as the legal name of his company, and himself as the owner (*see* Item 7, p. 5), providing a reasonable basis for plaintiff to name "Huddleston and Huddleston" as the defendant in this action. Moreover, Mr. Huddleston does not dispute that he received notice of the suit by way of service of the summons addressed to "Huddleston & Huddleston" (*see* Item 6, p. 3), and he has not objected or otherwise responded to plaintiff's motion for leave to amend in order to cure the defect, despite ample opportunity to do so (*see* Item 8).

For these reasons, the court will grant plaintiff's motion for leave to amend the complaint in order to cure this deficiency by naming Lee Huddleston, d/b/a Huddleston and Huddleston Attorneys at Law PLLC, as the proper defendant.[1]

---

[1] Because the court's grant of leave to amend is intended to give plaintiff the opportunity to name, serve, and obtain personal jurisdiction over the proper defendant, Mr. Huddleston's *pro se* motion to dismiss for lack of personal jurisdiction, insufficient process, and insufficient service of process is denied without prejudice.

## II. Motion to Dismiss

### A. Venue

The statute governing the venue of civil actions brought in federal district court provides:

> **Venue in general**.--A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865 (2d Cir. 1992), the Second Circuit considered whether, in an action brought under the FDCPA, venue was proper in the Western District of New York under § 1392(b)(2) as the "district in which a substantial part of the events or omissions giving rise to the claim occurred," when the only event that occurred there was the plaintiff's receipt of the debt collector's demand for payment. The circuit court noted that:

> In adopting [the FDCPA], Congress was concerned about the harmful effect of abusive debt practices on consumers. See 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."). This harm does not occur until receipt of the collection notice. Indeed, if the notice were lost in the mail, it is unlikely that a violation of the Act would have occurred. Moreover, a debt collection agency sends its dunning letters so that they will be received. Forwarding such letters to the

district to which a debtor has moved is an important step in the collection process. If the bill collector prefers not to be challenged for its collection practices outside the district of a debtor's original residence, the envelope can be marked "do not forward." We conclude that receipt of a collection notice is a substantial part of the events giving rise to a claim under the Fair Debt Collection Practices Act.

*Bates*, 980 F.2d at 868.

There can be no dispute in this case that the debt collector contacted plaintiff by letter and telephone call at plaintiff's residence in Orleans County. In light of the controlling precedent of *Bates*, the venue of this FDCPA action was therefore properly laid in the Western District of New York, where a substantial part of the events giving rise to the action occurred. Accordingly, Mr. Huddleston's motion to dismiss the action for improper venue is denied.

As an alternative to dismissal, Mr. Huddleston seeks transfer of venue to the Western District of Kentucky. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The court's determination as to whether to transfer a properly venued action to another district is guided by a two-part inquiry.

> The first question the district court must answer is whether the putative transferee district is a district where the case "might have been brought," *i.e.*, whether that district would have personal jurisdiction over the defendant and be a proper venue for the dispute. The second question is whether the "convenience of parties and witnesses [and] the interest of justice" weigh in favor of transferring the case. Courts weigh a number of non-dispositive factors in making that determination, including: (1) the plaintiff's choice of forum; (2) the place where the operative facts occurred; (3) the convenience of the parties; (4) the convenience of witnesses; (5) the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the availability of process to compel attendance of unwilling witnesses; and (8) the forum's familiarity with governing law.

*Sebrow v. Zucker, Goldberg & Ackerman, LLC*, 2012 WL 911552, at *3 (E.D.N.Y. Mar. 16, 2012) (citing *Tobey v. Nat'l Action Fin. Servs., Inc.*, 2009 WL 3734320, at *2 (E.D.N.Y. Nov. 4, 2009) (collecting cases)).

The decision to transfer a case "lies within the sound discretion of the district court …," *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993), and the party moving for a transfer of venue has the burden "to demonstrate, by a clear and convincing showing, that transfer should be made." *Hill v. Golden Corral Cor.*, 1999 WL 342251, at *2 (E.D.N.Y. May 21, 1999). "Indeed, our legal system has traditionally deferred to the plaintiff's choice of forum, and 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " *Gross v. British Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Based on the information presently before the court, Mr. Huddleston has not met his burden as movant to clearly and convincingly demonstrate that the convenience of the parties and witnesses, and the interest of justice, weigh strongly in favor of disturbing plaintiff's proper choice of forum in this FDCPA case. Accordingly, the request for transfer of venue must be denied.

### B. Failure to Join a Required Party

Mr. Huddleston also moves to dismiss the complaint for failure to name the Bronson firm as a "required party" under Rule 19, which provides that:

**(a) Persons Required to Be Joined if Feasible.**

**(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Once again, the burden of demonstrating that a party is a "required party" under this Rule rests with the moving party. *Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC*, 742 F. Supp. 2d 446, 455 (S.D.N.Y. 2010); *Mattera v. Clear Channel Commc'ns, Inc.*, 239 F.R.D. 70, 74 (S.D.N.Y. 2006). If a party does not qualify as "required" under Rule 19(a)(1)(A), then the court need not decide whether its absence warrants dismissal under Rule 19(a)(1)(B). *See Viacom Intern., Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) (discussing two-step analysis under Rule 19); *Associated Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1123 (2d Cir. 1990). In addition, because of the fact-based analysis usually required to determine the effects of non-joinder, district courts have broad discretion in applying Rule 19, and matters outside the pleadings may be considered. *See, e.g., Rahman v. Shiv Darshan, Inc.*, 2013 WL 654189, at *5 (E.D.N.Y. Feb. 22, 2013); *Circle Industries v. City Federal Savings Bank*, 749 F. Supp. 447, 457, n. 2 (E.D.N.Y. 1990).

Mr. Huddleston contends that the Bronson firm must be joined as a party for fair and complete adjudication of the dispute in this action since, as demonstrated by the

administrative pleadings filed with the Attorney General, plaintiff has confused the efforts of the Bronson and Huddleston firms to collect on two separate debts plaintiff incurred with CitiFinancial. *See* Item 6, p. 4. For his part, plaintiff flatly denies the existence of two separate debts. *See* Item 9, pp. 3-4. In this court's view, these conflicting contentions raise genuine issues of fact which the court is unable to resolve at this stage of the pleadings, prior to any discovery and in the absence of a fully supported motion for summary judgment.

As such, the court finds that Mr. Huddleston has failed to meet his burden under Rule 19(a)(1)(A) to demonstrate that complete relief cannot be accorded among existing parties in the absence of the Bronson firm, and his motion to dismiss for failure to join a required party must therefore be denied.

## **CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to amend the complaint in order to name the proper defendant is granted. Plaintiff shall file and serve a clean copy of the amended complaint within thirty days from the date of entry of this order, and defendant shall plead in response, in accordance with the requirements of the Federal Rules of Civil Procedure.

Mr. Huddleston's *pro se* motion to dismiss the action/transfer venue is denied.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  October 2, 2013
p:\pending\2013\13-302.oct2.2013