UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONALD McQUEEN,

                Plaintiff,

              -v-                                    13-CV-302-JTC

LEE HUDDLESTON d/b/a
HUDDLESTON AND HUDDLESTON
ATTORNEYS AT LAW,

                Defendant.

_____

## BACKGROUND

In this action, filed in March 2013, plaintiff Donald McQueen seeks relief pursuant to various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, against attorney Lee Huddleston, doing business as Huddleston and Huddleston, Attorneys at Law, based on allegations involving defendant's attempts to collect on a debt that plaintiff contends was satisfied in 2006. *See* Item 1. In lieu of answering the complaint, defendant–appearing *pro se*–moved to dismiss the complaint on various grounds, including improper venue, lack of personal jurisdiction, insufficient process, insufficient service, and failure to join a necessary party. Item 6.

By order entered October 10, 2013 (Item 11), this court denied defendant's motion to dismiss in its entirety, and granted plaintiff's cross-motion for leave to amend the complaint in order to name the proper defendant. *McQueen v. Huddleston and Huddleston*, 2013 WL 5592804 (W.D.N.Y. Oct. 10, 2013). The court directed plaintiff to

file the amended complaint within thirty days, and directed defendant to file a responsive pleading in accordance with the Federal Rules of Civil Procedure. *See id.* at *6.

Plaintiff filed the amended complaint on November 11, 2013 (Item 12). On December 5, 2013 (three days after the due date for filing a responsive pleading; *see* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer … within 21 days after being served with the summons and complaint ….")), defendant filed a singular document entitled "Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Answer" consisting of an unsworn statement of "the correct facts" based on knowledge and information "from speaking with those who are directly involved with the collection efforts" (Item 13, p. 1); a loosely-constructed memorandum of law pertaining to the requirements for exercising personal jurisdiction over a defendant (*id.* at 3-5); and an answer to the amended complaint (*id.* at 5-6). Notwithstanding both the untimely filing and the procedurally improper hybrid composition of this document, *see* Rule 7 of the Local Rules of Civil Procedure for the Western District of New York (requiring separate notice of motion, memorandum of law, and affidavit), the court has considered the matters set forth therein, and rules as follows.

## DISCUSSION

To the extent the document purports to present a motion to dismiss the amended complaint for lack of personal jurisdiction, the motion is denied. It is the plaintiff's burden to establish that the court has personal jurisdiction over the defendant. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994). Prior to discovery, plaintiff satisfies this burden by " 'pleading in good faith, legally sufficient allegations of

jurisdiction.' " *Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990). At this point, "the plaintiff need persuade the court only that its factual allegations constitute a *prima facie* showing of jurisdiction." *Ball*, 902 F.2d at 197; *see also Weinar v. Lex*, 2014 WL 325698, at *2 (S.D.N.Y. Jan. 23, 2014). This showing may be made through affidavits and supporting materials "containing an averment of facts that, if credited, would suffice to establish jurisdiction over the defendant." *S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010); *see also AEP–PRI Inc. v. Galtronics Corp. Ltd.*, 2013 WL 4400833, at *4 (S.D.N.Y. Aug. 13, 2013).

"Personal jurisdiction of a federal court over a non-resident defendant is governed by the law of the state in which the court sits—subject, of course, to certain constitutional limitations of due process." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.1994), *quoted in Zywinski v. Alsenas*, 2007 WL 1791224, at *2 (W.D.N.Y. June 19, 2007). The court therefore must first examine if the exercise of jurisdiction over defendant Huddleston, a resident of Kentucky, is appropriate under New York's long-arm statute, N.Y. Civ. Prac. L. & R. ("C.P.L.R.") § 302(a), which authorizes the exercise of personal jurisdiction over non-domiciliaries in certain circumstances. *See e.g., Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997); *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 208 (2d Cir. 2001). If personal jurisdiction is authorized under C.P.L.R. § 302(a), the court must then determine if the exercise of jurisdiction complies with the requirements of due process. *See Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.), *cert. denied*, 519 U.S. 1006 (1996); *Zywinski*, 2007 WL 1791224, at *2.

Plaintiff relies on C.P.L.R. § 302(a)(1), which provides:

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state ….

C.P.L.R. § 302(a)(1). As explained by the New York Court of Appeals, C.P.L.R. § 302(a)(1) "is a 'single act statute' and proof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York, so long as the defendant's activities here were purposeful and there is a substantial relationship between the transaction and the claim asserted." *Kreutter v. McFadden*, 71 N.Y.2d 460, 467 (1988); *see also Weiss v. Barc, Inc.*, 2013 WL 2355509, at *3 (S.D.N.Y. May 29, 2013) ("[T]he transaction must be such that the defendant purposefully availed himself of the privilege of conducting activities in New York, thereby invoking the benefits and protections of New York law.") (citing *Best Van Lines Inc.*, 490 F.3d 239, 253–54 (2d Cir. 2007)).

Under this standard, and based on the factual allegations and averments in the pleadings and submissions in the record so far, the court finds that plaintiff has made a sufficient *prima facie* showing to authorize the exercise of personal jurisdiction over defendant pursuant to C.P.L.R. § 302(a)(1). Plaintiff alleges that, following his default on a debt he owed to CitiFinancial, an entity known as "CSGA, LLC" acquired the debt and obtained a judgment against plaintiff, and plaintiff satisfied the judgment in March 2006. *See* Item 12, ¶¶ 9-13. The materials submitted to the court further reflect that, on April 21, 2009, defendant sent a letter from his law office in Bowling Green, Kentucky, to plaintiff at his address in Medina, New York, advising that defendant had been hired to collect the

outstanding balance and interest still due on the judgment entered on plaintiff's debt to CityFinancial, and that the letter was being sent as an attempt to execute the judgment. *See* Item 9-2, p. 1. On April 22, 2009, defendant called plaintiff and left a message on his telephone answering machine in connection with this collection effort. *See* Item 6, p. 2. Plaintiff claims that defendant contacted him again in early 2012 regarding the debt, prompting plaintiff to file a consumer complaint with the New York State Attorney General's Office in February 2012. Defendant responded to the consumer complaint, stating that he had closed the collection account upon learning that the judgment had been satisfied (*see* Item 7, p. 5). Plaintiff claims that, contrary to defendant's representations to the Attorney General, defendant continued his collection efforts, including leaving a voicemail message on March 27, 2012, in which defendant indicated that a lawsuit had been filed against plaintiff and that other legal actions were being taken to execute on the judgment. *See* Item 12, ¶¶ 15–23.

Considering the totality of these circumstances, the court finds that defendant purposefully availed himself of the privilege of conducting activities within New York by sending a collection letter into the state, thereby initiating contact with plaintiff, and by making at least two telephone calls to plaintiff and leaving voicemails related to his debt collection efforts. These activities demonstrate a substantial, direct relationship between defendant's collection transactions within the state and the claims asserted by plaintiff in this action, sufficient to authorize the court's exercise of long-arm jurisdiction under C.P.L.R. § 302(a)(1). *See, e.g., Fava v. RRI, Inc.*, 1997 WL 205336 (N.D.N.Y. Apr. 24, 1997) (finding personal jurisdiction appropriate under C.P.L.R. § 302(a)(1) for an FDCPA claim where defendant purposefully availed itself of the privilege of conducting activities

within New York by (1) initiating contact with the plaintiff; (2) sending a collection notice into the state; (3) sending two faxes related to its collection efforts into the state; and (4) making at least five phone calls related to its collection effort into the state); *see also Sluys v. Hand*, 831 F. Supp. 321, 324 (S.D.N.Y. 1993) (same where defendant, a lawyer in Indiana, sent the plaintiff a single collection letter, with a copy to the plaintiff's employer, "causing consequences in New York in connection with efforts to collect the alleged debt."); *Sisler v. Wal-Mart Stores, Inc.*, 2003 WL 23508105, at *1 (W.D.N.Y. Dec. 24, 2003) (finding personal jurisdiction appropriate under C.P.L.R. § 302(a)(1) where debt collection letters defendant sent into state gave rise to FDCPA claim; citing with approval *Sluys*); *cf. Silva v. Jason Head, PLC*, 2010 WL 4593704, at *3 (N.D.Cal. Nov. 4, 2010) (finding personal jurisdiction over nonresident attorney/debt collector appropriate under California law based on single voicemail giving rise to FDCPA claim); *Maloon v. Schwartz, Zweban & Slingbaum, L.L.P.*, 399 F. Supp. 2d 1108, 1111-13 (D.Haw. 2005) (finding personal jurisdiction over nonresident debt collector appropriate under Hawaii law based on single collection letter giving rise to FDCPA claim).

The second part of the personal jurisdiction inquiry assesses whether the court's assertion of jurisdiction under the long-arm statute comports with the requirements of due process. *See Metropolitan Life*, 84 F.3d at 567. As explained by the Second Circuit:

> The due process test for personal jurisdiction has two related components: the "minimum contacts" inquiry and the "reasonableness" inquiry. The court must first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction.
> …
> The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play

and substantial justice"—that is, whether it is reasonable under the circumstances of the particular case.

*Id.* (citing *International Shoe Company v. Washington*, 326 U.S. 310, 316 (1945)).

With regard to the "minimum contacts" component, the courts make a distinction between "specific" jurisdiction and "general" jurisdiction. Specific jurisdiction exists when the court exercises personal jurisdiction over a defendant "in a suit arising out of or related to the defendant's contacts with the forum .…" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984), *quoted in Metropolitan Life*, 84 F.3d at 568. General jurisdiction, on the other hand "is based on the defendant's general business contacts with the forum state and permits a court to exercise its power in a case where the subject matter of the suit is unrelated to those contacts …," and the courts "impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.' " *Metropolitan Life*, 84 F.3d at 568 (quoting *Helicopteros*, 466 U.S. at 416). Because this lawsuit arises out of defendant's contacts with the forum state in connection with his debt collection activities, the test for minimum contacts is less stringent, and is satisfied by the contacts described above. *Cf. Fava*, 1997 WL 205336, at *3 (minimum contacts satisfied in FDCPA suit arising out of defendant's debt collection activity within the state, including sending a debt collection notice and two faxes, and making five phone calls) (citing *McGee v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957) (contacts sufficient where insurance contract delivered in state, insured mailed premiums from forum state, and insured was a resident of forum state when he died); *Sluys*, 831 F. Supp. at 323–24 (non-resident defendant's mailing of two debt collection letters into New York subjected him to personal jurisdiction)).

In assessing the reasonableness of the exercise of jurisdiction in a particular case, the court must consider:

> … the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies."

*Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113–14 (1987) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). "On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

In this case, as discussed above, plaintiff's *prima facie* showing has convinced the court that defendant purposefully directed his debt collection activities at a resident of this forum "such that he should reasonably anticipate being haled into court there …," *World-Wide Volkswagen*, 444 U.S. at 297, and defendant has identified no compelling factor that makes the exercise of personal jurisdiction in this matter unreasonable. As persuasively explained by the district court in *Sluys*:

> Where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the [FDCPA], suits may be brought where the debtor … receive[s] the communications. Otherwise, one could invoke the protection of distance and send violative letters with relative impunity, at least so far as less well-funded parties are concerned.

*Sluys*, 831 F. Supp. at 324.

Accordingly, the court finds that the pleadings, affirmations, and supporting materials on file constitute a sufficient averment of credible facts to establish that the exercise of personal jurisdiction over defendant in this FDCPA action is authorized under C.P.L.R. § 302(a)(1), and complies with the requirements of due process.

## CONCLUSION

For the foregoing reasons, that portion of defendant's submission entered on December 5, 2013 (Item 13) designated as a motion to dismiss for lack of personal jurisdiction is denied.

That portion of Item 13 designated as the "Answer" to the amended complaint shall be considered the operative responsive pleading in the case.

A scheduling conference will be held by telephone on Wednesday, July 16, 2014 at 1:45 p.m. The court will initiate the call. PRIOR TO THE SCHEDULING CONFERENCE, THE PARTIES ARE DIRECTED TO COMPLY WITH THE REQUIREMENTS OF RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE. This means that, at a minimum, (1) the parties are to have exchanged initial disclosures as required by Rule 26(a)(1); (2) the parties are to have met or conferred, as required under Rule 26(f); and (3) the parties are to have submitted a proposed discovery plan to the court at least 7 days prior to the scheduling conference as also required by Rule 26(f).

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:  April 30, 2014
p:\pending\2013\13-302.apr30.2014