UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DONALD McQUEEN,

                        Plaintiff,

            -v-                                                13-CV-302-JTC

LEE HUDDLESTON d/b/a
HUDDLESTON AND HUDDLESTON
ATTORNEYS AT LAW,

                        Defendant.

_____

        Plaintiff Donald McQueen brought this action in March 2013 seeking relief pursuant

to various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§§ 1692 *et seq*., against attorney Lee Huddleston doing business as Huddleston and

Huddleston, Attorneys at Law, based on allegations involving attempts made in early 2012

to collect on a debt that plaintiff contends had been satisfied in 2006.  *See* Items 1, 12.

Defendant has now moved for summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure.

        For the reasons that follow, defendant's motion is denied.

## BACKGROUND

        In the original complaint, plaintiff alleged that the law office of "Huddleston and

Huddleston," organized and existing under the laws of the State of Kentucky, attempted

to contact him in early 2012 to collect on a defaulted consumer debt owed to CitiFinancial,

which plaintiff had previously satisfied through arrangements with the judgment creditor,

CSGA, LLC.  Plaintiff claimed, among other things, that someone from the Huddleston

office left a voicemail on plaintiff's phone on March 27, 2012, advising that steps were being taken to execute on the judgment taken by CSGA, including legal action.  *See* Item 1.

In response to the complaint, Mr. Huddleston filed a limited *pro se* appearance in this action in order to assert various grounds for dismissal on the pleadings, including improper venue; lack of personal jurisdiction; insufficient process; insufficient service; and failure to join the Buffalo, New York law firm of Bronson & Migliaccio LLP (the "Bronson firm") as a necessary party.  *See* Item 6.  Mr. Huddleston asserted that he was unaware of an entity doing business as "Huddleston and Huddleston," and that plaintiff apparently had confused the collection efforts of his law office (then doing business as "Huddleston & Huddleston, Attorneys at Law PLLC") in April 2009[1] with the efforts of the Bronson firm to collect on a second, separate debt plaintiff had incurred with CitiFinancial.  Mr. Huddleston further asserted that his law office closed its file on plaintiff out of an abundance of caution when plaintiff produced documentation showing that one of the debts had been paid, and that it must have been someone from the Bronson firm who left the voicemail on March 27, 2012 looking for payment on the other CitiFinancial debt.  *See id.* at 2-4.

The court considered each of the grounds for dismissal raised by Mr. Huddleston in his limited *pro se* submission, but denied the motion.  *McQueen v. Huddleston and*

---

[1]Those efforts consisted of a debt collection letter dated April 21, 2009, from "Huddleston & Huddleston Attorneys at Law Collection Division," signed by Mr. Huddleston and sent from his law office in Kentucky to plaintiff at his Medina, New York address; and an April 22, 2009, voicemail message left on plaintiff's telephone answering machine.  *See* Item 6, p. 2; *see also* Item 22-3.

*Huddleston*, 2013 WL 5592804 (W.D.N.Y. Oct. 10, 2013).  The court found that the complaint contained sufficient allegations of debt collection activity in the Western District of New York on the part of the  Huddleston law office to establish venue under the FDCPA, and that there were genuine issues of material fact regarding the existence of two separate CitiFinancial debts–and the confusion over debt collection efforts by the Bronson and Huddleston law offices–precluding a determination of non-joinder under Fed. R. Civ. P. 19.  The court also granted plaintiff leave to amend the complaint in order to provide an opportunity to name, serve, and obtain personal jurisdiction over the proper party.  *See id.*

Plaintiff filed the amended complaint on November 11, 2013, naming "Lee Huddleston d/b/a Huddleston and Huddleston Attorneys at Law" as defendant.  Item 12.  Mr. Huddleston responded by filing a "hybrid" motion to dismiss for lack of personal jurisdiction/answer, asserting insufficient minimum contacts with the forum state to comport with due process.  *See* Item 13.  The court again denied the motion, finding that the totality of the circumstances presented in the pleadings and submissions–including defendant's acknowledged collection efforts in April 2009–established a sufficient *prima facie* showing to authorize the exercise of personal jurisdiction under New York's long-arm statute, N.Y. Civ. Prac. L. & R. ("C.P.L.R.") § 302(a).  *McQueen v. Huddleston*, 17 F. Supp. 3d 248 (W.D.N.Y. May 1, 2014).  The court also considered that potion of the hybrid submission designated as the "Answer" to be the operative responsive pleading, and scheduled an initial pretrial telephone conference for July 16, 2014, with specific directions to the parties to comply with the requirements of Fed. R. Civ. P. 26(a) and (f) to exchange initial

disclosures, meet and confer, and submit a proposed discovery plan prior to the conference.  *Id.* at 254.

As reflected by the entries on the court's docket, none of these events have taken place.  Instead, Mr. Huddleston has filed a third dispositive motion, this time seeking summary judgment pursuant to Fed. R. Civ. P. 56 on the ground that plaintiff has sued the wrong party.  *See* Item 18.   According to Mr. Huddleston, neither "Huddleston & Huddleston, Attorneys at Law PLLC" (the defendant sued in the initial complaint) nor "Huddleston and Huddleston Attorneys at Law" (the defendant sued in the amended complaint) are legally recognized existing entities, leaving only Lee Huddleston individually as a viable defendant–and the undisputed facts show that Mr. Huddleston did not personally commit any of the FDCPA violations offenses alleged, and that in any event Mr. Huddleston is not a proper defendant because he does not earn a substantial portion of his income from collecting debts.  *See id.*  Plaintiff responds that the motion should be denied as premature, since no discovery has been conducted with regard to these asserted facts.  *See* Item 22.

## DISCUSSION

**Summary Judgment**

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Under the well-settled standards for considering a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine issue of material fact exists.  *Rockland Exposition, Inc. v.*

*Great American Assur. Co.*, 746 F. Supp. 2d 528, 532 (S.D.N.Y. 2010), *aff'd*, 445 F. App'x 387 (2d Cir. 2011).  A "genuine issue" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law …."  *Id.*

Once the court determines that the moving party has met its burden, the burden shifts to the opposing party to "come forward with specific facts showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted); *see also Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (at summary judgment, "[t]he time has come ... 'to put up or shut up' "), *cert. denied*, 540 U.S. 811 (2003).   In considering whether these respective burdens have been met, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments."  *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).  The court's role is not to resolve issues of fact, but rather to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251–52.  When "little or no evidence may be found in support of the nonmoving party's case ... [and] no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine

issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Resid. Servs.*, L.P., 22 F.3d 1219, 1223–24 (2d Cir. 1994) (citations omitted).

Rule 56 provides further that, where the party opposing summary judgment "shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see Benjamin v. Fosdick Mach. Tool Co.*, 2012 WL 4959424, at *2 (W.D.N.Y. Sept. 27, 2012).  To obtain relief under Rule 56(d), the party opposing summary judgment must establish: "(1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."  *Hudson River Sloop Clearwater, Inc. v. Department of Navy*, 891 F.2d 414, 422 (2d Cir. 1989); *see also Miller v. Wolpoff & Abramson, LLP.*, 321 F.3d 292, 303 (2d Cir.), *cert. denied*, 540 U.S. 823 (2003).

"While an affiant must show that the material sought is germane to the defense, 'Rule 56[d] is a safeguard against premature grants of summary judgment and should be applied with a spirit of liberality.' "  *Holmes v. Lorch*, 329 F. Supp. 2d 516, 529 (S.D.N.Y. 2004) (quoting *Dubai Islamic Bank v. Citibank*, 126 F. Supp. 2d 659, 665 (S.D.N.Y. 2000)). This is especially true where a party has not had an opportunity to conduct full discovery. "The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment …," *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)), and

"must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment."  *Id.* (quoting *Anderson*, 477 U.S. at 250 n. 5). Indeed, the Second Circuit has repeatedly counseled that "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dept. of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000);  *see also Trammell v. Keane*, 338 F.3d 155, 161 n. 2 (2d Cir. 2003); *Miller*, 321 F.3d at 303–04.

In support of his Rule 56(d) application, plaintiff has submitted the affirmation of his attorney requesting the opportunity to conduct discovery of facts pertinent to Mr. Huddleston's contention that he does not qualify as a "debt collector" subject to suit under the FDCPA.  In this regard, the statute defines "debt collector" as a person either involved "in any business the principal purpose of which is the collection of any debts," or "who regularly collects ... debts owed ... another."  15 U.S.C. § 1692a(6).  It is not seriously contended on the present record that the principal purpose of Mr. Huddleston's business is the collection of debts.  Rather, plaintiff's primary contention is that genuine issues of material fact exist regarding whether Mr. Huddleston "regularly" engages in debt collection activity, even if such activity is not a principal purpose of his business.  *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004) (§ 1692a(6) "establishes two alternative predicates for 'debt collector' status—engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity."); *Ciampa v. Law Offices of Igor Dodin, PLLC*, 978 F. Supp. 2d 174, 176 (E.D.N.Y. 2013).

As instructed by the Second Circuit in *Goldstein*, the assessment as to whether a lawyer or law firm "regularly" engages in debt collection activity within the meaning of § 1692a(6) "must be assessed on a case-by-case basis in light of factors bearing on the issue of regularity …," *Goldstein*, 374 F.3d at 62, including the factors in the following "illustrative rather than exclusive" list:

> (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s), (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable, (3) whether the entity has personnel specifically assigned to work on debt collection activity, (4) whether the entity has systems or contractors in place to facilitate such activity, and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations.

*Id.* at 62–63. Importantly, it is the plaintiff who "bears the burden of proving the defendant's debt collector status." *Id.* at 60–61. Thus, in order to properly respond to Mr. Huddleston's summary judgment motion, and ultimately, to prevail in this action, plaintiff would be required to make a showing sufficient to support a determination that Mr. Huddleston or his law office was regularly engaged in debt collection activity at the time of the challenged communications. In the court's view, the material sought by plaintiff is germane to this defense, and "is neither cumulative nor speculative." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994). Plaintiff should therefore be afforded the opportunity to discover at least this essential information.

For his part, Mr. Huddleston correctly points out that this case has been pending since March 2013, yet plaintiff's counsel has made no efforts to obtain the discovery sought. He asserts that, had such efforts been made, plaintiff would have discovered (among other things) that Mr. Huddleston has only occasionally engaged in debt collection

activity during his 43-plus years of practice, and at no time did such activity constitute a substantial portion of his income; that the April 2009 collection letter was actually sent by NetQuest Recovery Services, Inc., on behalf of Huddleston & Huddleston, Attorneys at Law PLLC (not Mr. Huddleston individually); and that the collection activity in March 2012–including the March 27, 2012 voicemail (of which a recording was made) and the ensuing conversations demanding payment of the previously-satisfied CitiFinancial debt–was undertaken by someone other than Mr. Huddleston, *i.e.*, someone from the Bronson firm.

The court is sympathetic to these concerns.  However, as the discussion above reveals, a measure of the slow progress of this litigation is traceable to the briefing and consideration of defendant's successive dispositive motions, as well as circumstances necessitating the court's adjournment and rescheduling of the initial preliminary pretrial conference.  Moreover, since the May 1, 2014 entry of the decision and order denying defendant's second motion to dismiss, both parties have been subject to the court's direction to comply with the initial disclosure and informal conference requirements of Rule 26, providing a clear opportunity to address many of the concerns raised by the submissions on the present motion.  Considering all of these circumstances, and in the interests of merit-based dispute determination and safeguarding against improvident or premature entry of summary judgment, the court finds that the best course to follow is re-authorization and enforcement of the prior order directing compliance with the initial disclosure and informal conference requirements of Rule 26(a)(1) and (f), subject to the timing and further directives set forth immediately below.

**CONCLUSION**

Based on the foregoing, the following is ORDERED:

Plaintiff's request for relief pursuant to Rule 56(d) is granted.

Defendant's motion for summary judgment (Item 18) is denied, without prejudice.

Within two weeks from the date of entry of this order, the parties shall exchange initial disclosures as required by Rule 26(a)(1), and shall meet and confer in accordance with Rule 26(f).  The conference may be conducted by telephone, and all efforts shall be made during the conference to reach prompt resolution of the matters in dispute in this lawsuit, or at the very least, to fully address the remaining considerations outlined in Rule 26(f)(2).

In addition, the court finds that this case is appropriate for immediate referral to mediation in accordance with section 2.1B of the Plan for Alternative Dispute Resolution in the Western District of New York.  Should the parties be unable to reach a resolution of the case during the Rule 26(f) conference, the parties shall select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the court no later than February 9, 2015.  The initial mediation session shall be held no later than April 1, 2015.

A status telephone conference shall be held on April 8, 2015 at 1:15 p.m. if this matter has not settled.  A further schedule will then be set.  The court will initiate the call.

So ordered.

          \s\ John T. Curtin

           JOHN T. CURTIN
        United States District Judge

Dated: January 7, 2015
p:\pending\2013\13-302.jan7.2015