UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DONALD McQUEEN,

        Plaintiff,

        -v-                                 13-CV-302-JTC

LEE HUDDLESTON d/b/a
HUDDLESTON AND HUDDLESTON
ATTORNEYS AT LAW,

        Defendant.

---

## BACKGROUND

In the original complaint in this action, filed in March 2013, plaintiff Donald McQueen sought relief pursuant to various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., claiming that someone from the law office of "Huddleston and Huddleston," located in Bowling Green, Kentucky, called plaintiff on March 27, 2012, and left a voice message on his phone advising that steps were being taken to execute on a judgment obtained on a defaulted consumer loan debt incurred to CitiFinancial that plaintiff contends had been fully satisfied several years prior. *See* Item 1. Upon receiving service of the summons and complaint, attorney Lee Huddleston entered a limited *pro se* appearance to assert various grounds for dismissal of the action, including lack of personal jurisdiction and insufficient service of process based on plaintiff's improper identification of the business name under which Mr. Huddleston conducted his solo law practice. The court denied the motion to dismiss, and granted plaintiff leave to amend the complaint in order to give plaintiff the opportunity to name, serve, and obtain

jurisdiction over the proper defendant, now appearing in the caption as "Lee Huddleston d/b/a Huddleston and Huddleston Attorneys at Law." See Item 11.

In response to the amended complaint, defendant filed a joint motion to dismiss/answer (Item 13), once again asserting lack of personal jurisdiction. The court accepted the submission as an answer to the amended complaint, but denied the motion to dismiss, finding a sufficient *prima facie* showing of personal jurisdiction to satisfy the requirements of both New York's long-arm statute and constitutional due process (Item 16). The court also scheduled a preliminary pretrial conference,[1] and directed the parties to exchange initial disclosures, meet and confer, and agree upon a proposed discovery plan in advance of the conference, as required under the Federal and Local Rules of Civil Procedure.

On September 9, 2014, prior to the initial pretrial conference, Mr. Huddleston filed a pre-discovery motion for summary judgment on the grounds that he does not qualify as a "debt collector" subject to suit under the FDCPA, and that an individual or entity other than himself was responsible for the debt collection activity complained of in this case. *See* Item 18.  In support of the summary judgment motion, Mr. Huddleston submitted the sworn non-party affidavit of Russel French, as President of NetQuest Recovery Services, Inc. ("NetQuest"), stating among other things that at some point in the past, Mr. Huddleston had given NetQuest permission to send out debt collection letters using the "Huddleston and Huddleston Attorneys at Law" letterhead, one of which was sent to plaintiff.  When

---

[1] The preliminary pretrial conference was originally calendared for July 16, 2014, but was adjourned by the court due to unforeseen scheduling conflicts, and was rescheduled for September 17, 2014. It was again adjourned upon the filing, and pending determination, of defendant's pre-discovery summary judgment motion.

plaintiff called the telephone number listed on the letter, he spoke to Mr. French and explained that the debt to CitiFinancial had been satisfied and the judgment released. According to the affidavit, Mr. French's online research revealed that plaintiff had two debts, one handled by NetQuest and one handled by a New York law firm, Bronson & Migliaccio, causing Mr. French to write off plaintiff's debt as "uncollectable" and cease further collection activity, with the result that the offending collection activity at issue–particularly, the March 27, 2012 voicemail–must have been undertaken by someone other than Mr. French or NetQuest.  See Item 18-1.

In response to the motion, plaintiff submitted an application pursuant to Fed. R. Civ. P. 56(d) requesting the opportunity to conduct discovery of facts pertinent to the issues raised by Mr. Huddleston in his submissions on summary judgment, including his contention that he does not qualify as a "debt collector" subject to suit under the FDCPA, and his association with Mr. French and NetQuest.  See Item 22.  By decision and order entered January 8, 2015, this court granted plaintiff's Rule 56(d) application, and denied Mr. Huddleston's summary judgment motion as premature, without prejudice to renew following ample discovery.  See Item 24.  The court re-authorized the enforcement of its prior order directing compliance with the initial disclosure and informal conference requirements of the federal and local rules of civil procedure, and referred the matter to mediation in accordance with this district's alternative dispute resolution plan and established practice.  The court also scheduled a telephone conference for April 8, 2015, to discuss the status of the case following mediation, and to establish a further schedule proceedings in the event settlement could not be reached.

On January 21, 2015, soon after entry of the court's order denying summary judgment, plaintiff filed a motion to compel Mr. Huddleston to disclose Mr. French's address and telephone number, which had not previously been provided by way of Mr. Huddleston's initial disclosures or Mr. French's non-party affidavit. *See* Item 26-1. Plaintiff also sought attorney's fees as a sanction pursuant to Fed. R. Civ. P. 37(a) for having to bring the motion to compel. In response, Mr. Huddleston provided contact information for Mr. French, and simultaneously served and filed discovery requests seeking, among other things, production of a copy of the recording of the March 27, 2012 voice message at issue. *See* Items 30, 31. Plaintiff responded to this submission by filing a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) allowing the withholding from production of the recording of the March 27, 2012 voice message until after the taking of Mr. Huddleston's deposition. *See* Item 37.

On February 18, 2015, plaintiff sought leave to file a Second Amended Complaint in order to allege FDCPA liability against "Russell[2] French d/b/a Huddleston and Huddleston Attorneys at Law," and "French & French LTD d/b/a Huddleston and Huddleston Attorneys at Law" (the "French defendants"), based primarily on the information contained in Mr. French's non-party affidavit in support of Mr. Huddleston's summary judgment motion revealing the existence of a debt collection business arrangement involving Mr. Huddleston and Mr. French during the time of the conduct alleged in the original complaint. *See* Item 34-3 (Proposed Second Amended Complaint). Mr. Huddleston opposes the motion, asserting the absence of a joint venture, agency, or other

---

[2]Plaintiff has since acknowledged the correct spelling of Mr. French's first name as "Russel."

business relationship with Mr. French or his corporation that would allow untimely FDCPA claims against these two new parties to relate back to the date or the original pleading. *See* Item 40.

## DISCUSSION

**1.      Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for amendment of the pleadings "as a matter of course" has expired, *see* Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave[, which] … should [be] freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2).  By its terms, this rule gives broad discretion to the district court in deciding whether to grant leave to amend a pleading to add a party or a claim. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).  In exercising its discretion in this regard, the court generally considers matters such as undue delay or bad faith on the part of the party seeking the amendment; futility of the amendment; "and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

However, where the proposed amendment seeks to add new parties and assert claims against them which would be time-barred under the applicable statute of limitations (here, the FDCPA's one-year statute of limitations; *see* 15 U.S.C. § 1692k(d)), the plaintiff must demonstrate that the amendment "relates back to the date of the original pleading" under the requirements of Fed. R. Civ. P. 15(c)(1), which provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)[3] for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Proc. 15(c)(1); *see Patrick v. Garlick*, ___F. Supp. 3d___, 2014 WL 6883634, at *1-2 (W.D.N.Y. Dec. 4, 2014); *Simcoe v. Gray*, 2012 WL 1044505, at *2 (W.D.N.Y. Mar. 28, 2012).

Rule 15(c)(1) "mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Krupski*, 560 U.S. at 540. "As long as the requirements of Rule 15(c) are met, considerations such as the general timeliness of the proposed amendment are not relevant." *Charlot v. Ecolab, Inc.*, ___F. Supp. 3d___, 2015 WL 1439916, at *21 (E.D.N.Y. Mar. 27, 2015) (citing *Krupski*, 560 U.S. at 553).

---

[3]Under Rule 4(m), service of summons and complaint must be made "within 120 days after the complaint is filed ...." Fed. R. Civ. P. 4(m).

The FDCPA does not provide for relation back.  *See Smith v. Rubin & Raine of New Jersey, LLC*, 2009 WL 2143644, at *2 (D.N.J. July 14, 2009).  Thus, in order for the court to grant the motion to amend, plaintiff must show that: (1) the proposed amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; and (2) within the Rule 4(m) period, the new parties sought to be added (a) received such notice of the action that they will not be prejudiced in defending on the merits, and (b) knew or should have known that the action would have been brought against them but for a mistake concerning the proper party's identity.  Fed. R. Civ. P. 15(c)(1)(C); *Krupski*, 560 U.S. at 548.

In this regard, "the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Stevelman v. Alias Research Inc.*, 174 F.3d 86 (2d Cir. 1999), *quoted in Slayton v. American Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006).  As noted by the Second Circuit in *Slayton*, "[w]here the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Slayton*, 460 F.3d at 228 (citing *Stevelman*, 174 F.3d at 87 ("Where no new cause of action is alleged, as here, this Court liberally grants relation back under Rule 15(c).")).  Indeed, "[i]f facts provable under the amended complaint arose out of the conduct alleged in the original complaint, relation back is mandatory." *Id.* at 227.

The court's review of the matters set forth in the submissions of record and the factual allegations in the proposed Second Amended Complaint reveals that the FDCPA claims asserted against the French defendants arise out of the same conduct,

transactions, or occurrences set out—or attempted to be set out–in the original complaint against Mr. Huddleston, namely, the debt collection activity culminating in the March 27, 2012 phone call and voice message.  Both Mr. Huddleston and Mr. French submitted affidavits in connection with the pre-discovery summary judgment motion in this action containing sworn statements of fact sufficient to give rise to a reasonable inference that some form of business arrangement or understanding, formal or otherwise, was in place at the time of the matters set forth in the allegations of the original pleading–and for some time prior– allowing Mr. French and his NetQuest Recovery Service to use the "Huddleston & Huddleston Attorneys at Law" letterhead for debt collection purposes.  Specifically, Mr. Huddleston affirms that he has "let [his] name … be used on certain very select and specific letters to possible debtors."  Item 17, p.1.  Mr. French affirms that "[i]n the past, Lee Huddleston allowed NetQuest to send out collection letters using his letterhead …," Item 18-1, p. 1, and that "NetQuest sent out the letter to Mr. McQueen …."  *Id.* (referring to the April 21, 2009 letter signed by Mr. Huddleston; *see* Item 22-3).  The parties' submissions further indicate that the call-back telephone number left in the March 27, 2012 voice message at issue (*i.e.*, 866-360-8674) is shared by the "Huddleston Law Firm" and "French & French."  See Item 27, ¶¶ 6-9.

     Fairly construed, these circumstances demonstrate a "sufficient identity of interest between [the proposed new parties] and the original defendants for the court to infer notice under Rule 15(c) …," *Allah v. Kelly*, 1998 WL 386390, at *3 (W.D.N.Y. May 18, 1998) (citing *Allbrand Appliance & Television Co., Inc. v. Caloric Corp.*, 875 F.2d 1021, 1025 (2d Cir. 1989) (under "identity of interest" exception to relation back rule, institution of an action

against one party will constitute imputed notice to a party subsequently named by amendment when parties are closely related in business activities or linked in corporate structure)),[4] as well as the conclusion that the French defendants knew or should have known that the action would have been brought against them but for a mistake concerning the proper party's identity. *See Krupski*, 560 U.S. at 549 (mistaken identity for relation back purposes may include situation where "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the issue, and [he] may mistakenly choose to sue a different defendant based on that misimpression."). Based on this showing, the court is satisfied that the French defendants received adequate notice within the statute of limitations of the basis for FDCPA liability asserted against them in the Second Amended Complaint by virtue of the general fact situation alleged in the original pleading, mandating relation back under the requirements of Fed. R. Civ. P. 15(c)(1).

**2.      Protective Order**

As indicated above, Mr. Huddleston's discovery requests thus far have focused on the demand for production of the audio recording of the March 27, 2012 voice message at issue, which he contends will prove that he was not the caller. Plaintiff responded by stating that the recording is "from the 'Law Office of Huddleston & Huddleston[,]' " Item 38,

---

[4] Mr. Huddleston cites *Grace v. U.S.*, 754 F. Supp. 2d 585 (W.D.N.Y. 2010), for the proposition that in order for a claim asserted against a new defendant to relate back to the date of the original pleading, the plaintiff must establish that the new party is "united in interest" with the original defendant, and received "actual notice" of the lawsuit within the limitations period. *See Grace*, 754 F. Supp. 2d at 603-04. However, in *Grace*, the claims against the defendants sought to be added by amendment were brought under New York law, and the discussion relied upon by Mr. Huddleston involves the legal principles pertinent to the application of New York's relation back doctrine, not binding or instructive with respect to this court's consideration of the requirements of Fed. R. Civ. P. 15(c)(1).

p. 2, and moved for a protective order pursuant to Fed. R. Civ. P. 26(c) allowing the withholding from production of the recording until after the taking of Mr. Huddleston's deposition (yet to be noticed). *See* Item 37.

Based upon the circumstances presented, and in light of the discussion above regarding the claims set forth in the proposed Second Amended Complaint, the court finds plaintiff's request for a protective order to be consistent with the policy followed in this court, and other federal district courts within the Second Circuit, to discourage parties or their witnesses from tailoring their testimony to conform with their prior recorded statements or actions. *See Wegrzyn v. Vital Recovery Services, Inc.*, 2007 WL 4867584, at *1 (W.D.N.Y. Jan. 26, 2007); *see also Poppo v. AON Risk Services, Inc.*, 2000 WL 1800746, at *1 (S.D.N.Y. Dec. 6, 2000), and cases cited therein.

Accordingly, plaintiff's motion for a protective order is granted, allowing the withholding from production of the requested audio recording until after depositions are completed, in compliance with the discovery deadline established by the order below.

## **CONCLUSION**

Based on the foregoing, plaintiff's motion to amend (Item 34) is granted. Pursuant to Rule 15(c) of the Local Rules of Civil Procedure for the Western District of New York, plaintiff shall file and serve the Second Amended Complaint, in the exact form and content now on file with the court as Item 34-3, within 14 days of the date of entry of this order. In accordance with Fed. R. Civ. P. 15(a)(3), any required response to this pleading shall be made within 21 days after service.

Plaintiff's motion for a protective order (Item 37) is also granted, and plaintiff need not produce a copy of the audio recording of the March 27, 2012 voice message at issue until such time as the parties shall agree is mutually appropriate following depositions.

Plaintiff's request for sanctions pursuant to Rule 37(a) is denied, without prejudice. The circumstances presented to the court indicate that Mr. Huddleston has supplied the requested information; his failure to do so earlier was likely due to inadvertence; and an award of sanctions at this time would otherwise be unjust.

The court's docket shall reflect that the relief sought and matters raised by the motions and submissions associated with Items 26, 30, 34 and 37 have now been fully addressed by the court.

A telephone conference will be held by the court on Wednesday, August 5, 2015, at 2:00 p.m., with all parties or their counsel then appearing of record, to discuss a schedule for discovery and further proceedings. The court will initiate the call.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   June 9, 2015