UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONALD McQUEEN,

                       Plaintiff,

   v.                                                13-CV-302
                                                         ORDER

LEE HUDDLESTON, *doing business as*
Huddleston and Huddleston Attorneys at Law,
FRENCH & FRENCH LTD., *doing business as*
Huddleston and Huddleston Attorneys at Law, and
RUSSELL D FRENCH, *doing business as*
Huddleston and Huddleston Attorneys at Law,

                       Defendants.
_____

On March 25, 2013, the plaintiff, Donald McQueen, commenced this action under the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* Docket Item 1. On December 28, 2015, the Court (Honorable John T. Curtin) referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. Section 636(b)(1)(A) and (B). Docket Item 53. On April 12, 2016, this case was reassigned from Judge Curtin to the undersigned. Docket Item 63.

On December 1, 2016, Lee Huddleston, a defendant, moved for summary judgment. Docket Item 72. On February 6, 2017, McQueen responded, Docket Item 74, and on March 22, 2017, Huddleston replied to McQueen's response and filed the statement of facts required by Local Rule 7(a)(3), Docket Items 77, 77-1, 77-2. On October 16, 2017, Judge Foschio issued a Report and Recommendation ("R&R") finding that the Huddleston's motion for summary judgment should be denied. Docket

Item 78. The parties did not object to the R&R, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. Section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to deny Huddleston's motion for summary judgment. More specifically, this Court agrees with Judge Foschio that several questions of fact regarding Huddleston's role in collecting the debt and sending the communications at issue preclude summary judgment.

For the reasons stated above and in the R&R, the Court DENIES the defendant's motion for summary judgment, Docket Item 72. The case is referred back to Judge

Foschio for further proceedings consistent with Judge Curtin's order of referral in December 2015, Docket Item 53.

SO ORDERED.

Dated: November 6, 2017
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE